IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GERIGES GEBRE,** | ) |
| | ) Case No. 17-9345 |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| **PIL II, L.P., d/b/a HILTON SUITES,** | ) |
| | ) |
| **Defendant.** | ) |

### AMENDED COMPLAINT

Plaintiff, GERIGES GEBRE, through her attorney, complains against the Defendant, PIL II, L.P., d/b/a HILTON SUITES ("PIL"), as follows:

### I. NATURE OF ACTION

1. This is an action brought against Defendant PIL pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, et seq., ("ADA"), Public Law 101-336, and 42 U.S.C. Section 2000e-5(f)(3), the ADA Amendments Act of 2008, Public Law 110-325, 122 Stat. 3555 ("ADA amendments") (referenced together as the "ADA" or "the Act"), and its implementing regulations at 29 C.F.R. Part 1630, for disability discrimination and retaliation.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and § 1343.

3. Venue is appropriate under 28 U.S.C. § 1391(b), because the Defendant PIL conducts business in and all facts giving rise to the allegations herein occurred within the Northern District of Illinois.

4. Plaintiff fulfilled all conditions precedent to bringing this ADA claim, namely she filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") and received a Notice of Right to Sue from the EEOC, a true and correct copy of which is hereto attached as Exhibit A. This complaint is filed within 90 days of Plaintiff's receipt of the Right to Sue letter.

### III. PARTIES

5. Plaintiff is a resident of Cook County, Illinois. Plaintiff was employed by Defendant PIL at all times relevant to this Complaint.

6. PIL is a Delaware limited partnership, registered to do business within the state of Illinois. PIL is and was, during all relevant times, responsible for the operation and management of the Hilton Suites Chicago Magnificent Mile located at 198 E. Delaware Place, Chicago, Illinois.

### IV. BACKGROUND

7. Plaintiff worked as a barista at the café, located at 198 E. Delaware Place in Chicago, for approximately twenty-four (24) years. When Plaintiff began her employment there, the café and hotel were owned and/or operated by Doubletree Hotel. Approximately six years ago, the Doubletree became Hilton Suites Chicago Magnificent Mile and PIL assumed ownership of the hotel and café.

8. Since at least November 2014, Plaintiff has suffered from a disability, namely arthritis in her knee and a permanent right shoulder injury caused by the repetitive motions of her job. Plaintiff immediately alerted PIL of her disability and as a result, PIL placed Plaintiff on permanent light duty and purported to implement several reasonable accommodations. Specifically, PIL provided a chair for Plaintiff and purchased ½ gallon containers of milk, instead of the full gallon containers that historically had been used at the café.

9. At all relevant times, Plaintiff satisfactorily performed the essential functions of her job.

10. Once PIL began accommodating Plaintiff, several PIL employees, including the Front Desk Manager, began treating Plaintiff differently than they had prior to being on notice of Plaintiff's disability. Co-workers regularly removed Plaintiff's chair so that Plaintiff could not sit during her shift. Moreover, several co-workers belittled Plaintiff because of her disability and were outwardly hostile toward Plaintiff. Upon information and belief, Plaintiff's co-workers complained to Human Resources and other employees that Plaintiff was "lazy" and that PIL paid her too much money. This was because Plaintiff's co-workers resented any attempts made by PIL to accommodate Plaintiff's disability.

11. Plaintiff complained to PIL management about the treatment she was receiving, but PIL did nothing to discipline the co-workers or the Front Desk Manager, or remedy the on-going hostile situation. Plaintiff last complained to PIL that her accommodations were not being honored and that she was being harassed by co-workers because of her disability approximately one month prior to her termination. She again complained to her General Manager that she was being harassed by the Front Desk Manager and another employee approximately two weeks before her termination.

12. On March 2, 2017, PIL suspended Plaintiff pending "investigation" of alleged serious violations of company policy. PIL falsely accused Plaintiff of "willfully and consciously" failing to account for food/beverage sales when Plaintiff permitted a customer to pump his own caramel syrup into his coffee. PIL terminated Plaintiff's employment on March 7, 2017.

13. Plaintiff had never been disciplined before and did not receive any type of warning that her conduct might have violated company policy. PIL did not have any written policy regarding the alleged infractions.

14. Moreover, PIL permitted similarly situated employees, who were not disabled, to engage in identical conduct to that of Plaintiff without warning or repercussion. In fact, the subject customer explained to PIL that other café employees permitted him to pump his own syrup, explained that he always paid for the syrup, and explained that he generously tipped other café baristas. Despite this, PIL terminated Plaintiff, while failing to even discipline similarly situated, non-disabled employees.

18. In addition, similarly situated, non-disabled employees have committed far more egregious violations of company policy, of which PIL has been fully aware, without being terminated.

**COUNT I**
**ADA DISCRIMINATION – DISPARATE IMPACT**

19. PIL is an "employer" within the definition of Section (5) of the ADA as amended [42 U.S.C. Section 12111(5)].

20. Plaintiff is an "employee" of PIL within the definition of Section (4) of the ADA as amended [42 U.S.C Section 12111(4)] and a "qualified individual with a disability" as per Section (8) of the ADA as amended [42 U.S.C. Section 1211(8)].

21. Plaintiff's conditions of arthritis and permanent right shoulder injury affect Plaintiff's "major life activities" include "major bodily functions." 42 U.S.C Section 12102(2)(B). At the time giving rise to the allegations herein, Plaintiff's arthritis and shoulder injury substantially interfered with the major musculoskeletal functions of standing, lifting, and reaching.

4

22. Plaintiff's conditions are considered a disability under the ADA.

23. Plaintiff was terminated after twenty-four (24) years of unblemished employment.

24. Plaintiff was treated differently than other similarly situated employees who are not disabled.

25. Moreover, Defendant was aware that Plaintiff's co-workers were harassing Plaintiff because of her disability and were interfering with Plaintiff's reasonable accommodations, yet failed to take any corrective action.

26. Defendant terminated Plaintiff in violation of the Americans with Disabilities Act.

27. Defendant's discrimination against Plaintiff was done with malice or reckless disregard for her federally protected rights for which exemplary damages should be awarded.

WHEREFORE, Plaintiff respectfully requests that this Court find in her favor and:

A) Enjoin Defendant to train its employees on how to interact and treat employees with disabilities and resulting accommodations;

B) Award back pay, front pay, and any other lost compensation as a result of Defendant's discrimination in violation of the ADA, as amended;

C) Award prejudgment interest at the prevailing rate on the award of back pay and lost compensation that results from Defendant's discrimination against her in violation of the ADA, as amended;

D) Award compensatory damages for the harm Plaintiff suffered as a result of Defendant's discrimination against her in violation of the ADA, as amended;

E) Award exemplary damages;

F) Award reasonable attorneys' fees and costs of this action and of prior administrative proceedings; and

G) Any such other relief that this Court deems just and equitable.

## COUNT II
## ADA DISCRIMINATION – RETALIATION

25. Plaintiff incorporates herein the allegations of paragraphs 1 through 24.

26. Because Plaintiff complained to PIL that she was being harassed based on her disability and because Plaintiff complained to PIL that co-workers were interfering with her reasonable accommodations, Defendant retaliated against Plaintiff by terminating her employment without reasonable justification.

27. The termination occurred within two weeks to a month of Plaintiff's ADA complaints to her employer. Defendant terminated Plaintiff in violation of the Americans with Disabilities Act.

28. Defendant's retaliation against Plaintiff was done with malice or reckless disregard for her federally protected rights for which exemplary damages should be awarded.

WHEREFORE, Plaintiff respectfully requests that this Court find in her favor and:

A) Enjoin Defendant to train its employees on how to interact and treat employees with disabilities and resulting accommodations;

B) Award back pay, front pay, and any other lost compensation as a result of Defendant's discrimination in violation of the ADA, as amended;

C) Award prejudgment interest at the prevailing rate on the award of back pay and lost compensation that results from Defendant's discrimination against her in violation of the ADA, as amended;

D) Award compensatory damages for the harm Plaintiff suffered as a result of Defendant's discrimination against her in violation of the ADA, as amended;

E) Award exemplary damages;

F) Award reasonable attorneys' fees and costs of this action and of prior administrative proceedings; and

G) Any such other relief that this Court deems just and equitable.

## COUNT III
## ADA DISCRIMINATION – FAILURE TO ACCOMMODATE

29. Plaintiff incorporates herein the allegations of paragraphs 1 through 24.

30. Although Defendant purported to grant Plaintiff a reasonable accommodation by providing her with a chair, Plaintiff's chair was routinely taken by co-workers. When Plaintiff complained to PIL, which she did multiple times, Defendant refused to remedy the situation.

31. Thus, the reasonable accommodation was not consistently effectuated, and Defendant refused to engage in the interactive process when it ignored Plaintiff's requests for assistance in correcting the situation.

32. Defendant's failure to accommodate Plaintiff was done with malice or reckless disregard for her federally protected rights for which exemplary damages should be awarded.

WHEREFORE, Plaintiff respectfully requests that this Court find in her favor and:

A) Enjoin Defendant to train its employees on how to interact and treat employees with disabilities and resulting accommodations;

B) Award back pay, front pay, and any other lost compensation as a result of Defendant's discrimination in violation of the ADA, as amended;

C) Award prejudgment interest at the prevailing rate on the award of back pay and lost compensation that results from Defendant's discrimination against her in violation of the ADA, as amended;

D) Award compensatory damages for the harm Plaintiff suffered as a result of Defendant's discrimination against her in violation of the ADA, as amended;

E) Award exemplary damages;

F) Award reasonable attorneys' fees and costs of this action and of prior administrative proceedings; and

G) Any such other relief that this Court deems just and equitable.

GERIGES GEBRE

PLAINTIFF

/s/ Deidre Baumann

_____

By: One of her Attorneys

Deidre Baumann, ARDC # 6209602
BAUMANN & SHULDINER
20 S. Clark Street, Suite 500
Chicago, IL 60603 (312) 553-3119
baumannesq@gmail.com