# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERIGES GEBRE, | ) |
|       Plaintiff, | ) ) |
| v. | ) No. 17 C 9345 ) |
| PIL II, L.P., d/b/a HILTON SUITES, | ) Judge Sara L. Ellis ) |
|       Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Geriges Gebre filed this discrimination, retaliation, and failure to accommodate lawsuit against her former employer, Defendant PIL II, L.P., doing business as Hilton Suites ("PIL"), after PIL fired her. Specifically, she alleges claims for disability discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* PIL moves to dismiss Gebre's claims on the grounds that they contain allegations outside of the scope of the charge she filed with the Equal Employment Opportunity Commission ("EEOC"), and thus Gebre failed to exhaust her administrative remedies. In addition, PIL seeks dismissal of the discrimination and failure to accommodate claims on the basis that Gebre has not pleaded sufficient facts to support those claims. Because the Court finds that Gebre has not exhausted her administrative remedies regarding her retaliation and failure to accommodate claims, it grants PIL's motion to dismiss those claims. However, the Court finds that Gebre satisfied the requirements of administrative exhaustion and sufficiently pleaded her disparate treatment claim, and so it denies PIL's motion to dismiss that claim.

# BACKGROUND[1]

Gebre worked as a barista in a hotel café located at 198 E. Delaware Place in Chicago for approximately 24 years. PIL assumed ownership of the hotel (and its café) about six years ago. Since at least November 2014, Gebre has suffered from arthritis in her knee and a permanent right shoulder injury. Gebre notified PIL of her disabilities, and PIL placed her on permanent light duty, provided a chair for Gebre, and began purchasing half gallon containers of milk rather than the full gallon containers it typically used.

Some PIL employees, including the front desk manager, began treating Gebre differently after PIL implemented accommodations for her disability. Coworkers regularly removed Gebre's chair so that she could not sit during her shift, belittled her verbally, and complained to Human Resources about Gebre, calling her "lazy." When Gebre complained to PIL management about her coworkers' interference with her accommodation, PIL "did nothing to discipline the co-workers or the Front Desk Manager, or remedy the on-going hostile situation." Doc. 7 ¶ 11. Gebre also complained that PIL was not honoring her accommodations. Gebre last made these complaints about a month before PIL fired her, and Gebre also complained about harassment from the front desk manager and another coworker about two weeks before her termination.

On March 2, 2017, PIL suspended Gebre pending investigation of violations of company policy. PIL accused Gebre of failing to account for food and beverage sales and terminated her on March 7, 2017. Apparently Gebre allowed a customer to pump his own syrup into his coffee.

---

[1] The facts in the background section are taken from Gebre's amended complaint [7] and exhibits attached thereto and are presumed true for the purpose of resolving PIL's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). Gebre did not attach her EEOC Charge to her amended complaint. PIL submits her Charge as an exhibit to the motion to dismiss. Because the Court must consider the allegations in her Charge to determine the proper scope of her claims and because the claims discussed in the Charge are referenced in the amended complaint and central to her claims, the Charge is properly before the Court. *See Davis v. Cent. Can Co.*, No. 05 C 1563, 2006 WL 2255895, at *4 (N.D. Ill. Aug. 4, 2006) (collecting cases).

PIL had not disciplined Gebre before, and she received no warning that her actions violated company policy. In addition, similarly situated employees who were not disabled engaged in identical conduct without repercussions.

After PIL fired her, Gebre filed a Charge of Discrimination ("Charge") with the EEOC and received a Notice of Right to Sue from the EEOC. In the Charge, she stated:

> [PIL] treated me in a disparate manner and discriminated against me on the basis of my disability. I suffer from a disability that [PIL] is aware of, and that required me to request reasonable accommodations at work. My request for a reasonable accommodation would not pose and [sic] undue hardship on [PIL]. However, after requesting these accommodations, [PIL] management and staff retaliated against me and belittled me. Subsequently, [PIL] terminated my employment for an incident in which similarly situated employees were involved with yet not terminated.

Doc. 19-1. After receiving the Right to Sue letter, Gebre filed this lawsuit.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

## ANALYSIS

**I.     Administrative Exhaustion**

PIL first argues that Gebre has not exhausted her administrative remedies because the claims she brings rest on facts not included in her Charge. An ADA plaintiff is "barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from investigation into the charges actually raised." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). This rule "gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

**A.     Disparate Treatment**

As an initial matter, although Gebre's amended complaint labels her discrimination claim a disparate impact claim, Gebre's counsel stated to the Court at its July 24, 2018 status hearing that the claim is mislabeled and was intended to be a disparate treatment claim.[2] The Seventh Circuit has held that "the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Ignoring the label, Gebre's discrimination claim reads as if it were a disparate treatment claim. Doc. 7 ¶ 24 ("Plaintiff was treated differently than other similarly situated employees who are not disabled."). Moreover, as PIL points out, Gebre does not point to any rule or policy that disparately impacted Gebre due to her disability. In light of this, the Court treats Gebre's discrimination claim as a disparate treatment claim.

---

[2] Gebre did not respond to PIL's motion to dismiss. The Court will consider Gebre's counsel's statements at the July 24, 2018 status hearing as Gebre's response, although the Court notes that the only argument made was that the disparate impact label was an error.

Looking at Gebre's discrimination claim as a disparate treatment claim, it is clear that the claim is also raised in her Charge. The Charge explicitly states that PIL "treated [Gebre] in a disparate manner and discriminated against [her] on the basis of her disability." Doc. 19-1. Thus, the Court finds that Gebre has properly exhausted her administrative remedies regarding this claim.

B.    Retaliation

PIL further argues that Gebre did not exhaust her retaliation claim. Specifically, PIL asserts that Gebre has alleged a different retaliation in her amended complaint than the retaliation alleged in her Charge. Gebre's narrative in her Charge states that, after she requested reasonable accommodations, PIL "management and staff retaliated against [her] and belittled [her]." Doc. 19-1. The next sentence of the narrative states, "[s]ubsequently, [PIL] terminated [her] employment for an incident in which similarly situated employees were involved with yet not terminated." *Id.* Gebre's amended complaint, on the other hand, states that "[b]ecause Plaintiff complained to PIL that she was being harassed based on her disability and because Plaintiff complained to PIL that co-workers were interfering with her reasonable accommodations, Defendant retaliated against Plaintiff." Doc. 7 ¶ 26.

Because Gebre did not directly allege the retaliation claim that she presses, the claim must be "reasonably related" to her Charge. "Claims are deemed reasonably related if there is a factual relationship between them," which means "'that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*.'" *Irby v. Bd. of Educ. of City of Chicago*, No. 10 CV 03832, 2011 WL 1526732, at *3 (N.D. Ill. Apr. 20, 2011) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). The fact that a plaintiff's complaint presents the same type of claim as the plaintiff presented in his or her

5

EEOC charge is not enough to satisfy administrative exhaustion; each separate act of discrimination must be raised (or be reasonably related and reasonably expected to grow out of an EEOC investigation of the charge). *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). Although Gebre checked the box for retaliation and did describe instances of retaliation by PIL co-workers and management, she did not specifically allege that her firing was retaliatory, and she does not mention complaining to PIL about her co-worker's retaliation in the Charge at all. Because an employer may retaliate in many ways, Gebre's claim of retaliation in her Charge is not automatically reasonably related to her retaliation claim in her amended complaint. *See McElligott v. United Postal Serv., Inc.*, No. 17 C 3491, 2018 WL 1156244, at *4 (N.D. Ill. Mar. 2, 2018). *McElligott* presents similar circumstances to those present here: the plaintiff checked the box for retaliation on his EEOC charge, but did not further specify how his former employer retaliated against him, merely stating that he was "discharged for a violation that other employees were not discharged for." *Id.* The plaintiff then filed a retaliation claim alleging that the former employer fired him in retaliation for his complaints about other discriminatory treatment. *Id.* This Court held that the plaintiff did not exhaust his administrative remedies because the EEOC charge in that case did not sufficiently raise the retaliation claim that the plaintiff pressed in court, *id.* at *5; for the same reasons here, Gebre has not exhausted her administrative remedies, and the Court grants PIL's motion to dismiss Gebre's retaliation claim.

  **C. Failure to Accommodate**

PIL also contends that Gebre did not exhaust her failure to accommodate claim. A plaintiff cannot bring a failure to accommodate claim that is not directly included in the EEOC charge. *Green*, 197 F.3d at 898. And a plaintiff does not exhaust a failure to accommodate

6

claim merely by including a disability discrimination claim in an EEOC charge. *Id.* ("[O]ne cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability."). Therefore, a plaintiff is barred from raising a failure to accommodate charge that is not explicitly raised in the EEOC charge. *Id.*

Unlike her other claims, Gebre made no mention of a failure to accommodate claim in her Charge. She does mention that she requested a reasonable accommodation, but she never states that PIL failed to make such accommodations—rather, she alleges that PIL discriminated against her because of her disability and retaliated against her when she asked for a reasonable accommodation. Gebre has not exhausted this claim. *See id.* (affirming summary judgment on failure to accommodate claim because EEOC charge contained only discrimination claim).

## II.    Failure to State a Claim

PIL also argues that the Court should dismiss Gebre's discrimination and failure to accommodate claims for failure to state a claim. Because the Court finds that Gebre's failure to accommodate claim is already subject to dismissal for failure to exhaust, the Court only considers Gebre's discrimination claim.

To establish a *prima facie* case of disparate treatment under the ADA, Gebre will need to prove (1) that she is disabled under the ADA, (2) that she was meeting her employer's legitimate expectations, (3) that she suffered an adverse employment action, and (4) that similarly situated employees without a disability were treated more favorably. *Bunn v. Khoury Enters.*, 753 F.3d 676, 685 (7th Cir. 2014). Gebre alleges each of these elements in her amended complaint. First, she alleges that her arthritis and permanent shoulder injury constitute disabilities under the ADA. Doc. 7 ¶¶ 21–22. Second, she alleges that she met PIL's legitimate expectations. *See id.* ¶ 23 ("Plaintiff was terminated after twenty-four (24) years of unblemished employment."). Third,

7

she alleges that she suffered an adverse employment action. *See id.* ¶ 26 ("Defendant terminated Plaintiff[.]"). Finally, she alleges that PIL treated other similarly situated employees without a disability more favorably by not disciplining those other employees for taking the same action that PIL allegedly fired Gebre for taking. Gebre has sufficiently pleaded a disparate treatment claim, and so the Court will allow this claim to proceed.

## CONCLUSION

For the foregoing reasons, the Court grants PIL's motion to dismiss [18] with regard to Gebre's retaliation and failure to accommodate claims and denies it with regard to Gebre's disparate treatment claim. The Court dismisses Gebre's retaliation and failure to accommodate claims without prejudice.

Dated: August 13, 2018

SARA L. ELLIS
United States District Judge